■ J. M. HEINIKE ASSOCIATES, INC., Appellant, v LIBERTY NATIONAL BANK, Respondent, et al., Defendant, et al., Counterclaim Defendant.—Order unanimously affirmed with costs. Memorandum: Plaintiff brought this action against defendant bank alleging that the bank made unauthorized payments of various checks payable to plaintiff, which checks were allegedly converted by plaintiff's employee. Plaintiff appeals from an order which granted the bank's motion for summary judgment dismissing the complaint against it. Plaintiff contends that summary judgment should have been denied because there are questions of fact whether the bank had notice of the employee's alleged lack of authority to cash the checks, thus precluding the bank from acquiring the status of holder in due course.

The parties agree that the bank is a holder and cannot be liable for paying the checks if it qualifies as a holder in due course. UCC 3-302 (1) provides, insofar as pertinent to this appeal, that a holder is a holder in due course if it takes the instrument without notice of any claim to it on the part of any person. The dispute here is whether, in cashing the checks, the bank had notice of a competing claim to them by plaintiff Heinike, Inc. or its president, James Heinike. UCC 3-304 (1) (a) provides that a holder has notice of a claim if the instrument bears such visible evidence of alteration, or is otherwise so irregular, that it calls into question its validity or ownership. Additionally, the statute provides that a holder has notice of a claim against an instrument when he has actual knowledge that a fiduciary has negotiated the instrument in payment of his own debt, for his own benefit, or otherwise in breach of duty (UCC 3-304 [2]). On the other hand, knowledge that the person negotiating the instrument is or was a fiduciary does not of itself give the purchaser notice of claim (UCC 3-304 [4] [e]).

Applying the applicable rules, we conclude that summary judgment was properly granted to the bank. There is no merit to plaintiff's argument that the bank was on constructive notice of a claim to the checks as a result of obliteration of the restrictive endorsements on 13 of the 25 checks. Such obliteration does not satisfy the test of "crude alteration" established by the statute (see generally, White and Summers,

Uniform Commercial Code § 14-6, at 562, 565-566 [2d ed]). Because it is not an uncommon occurrence for a payee initially to decide to deposit a check and then decide to cash it, the obliteration of the "for deposit only" endorsements is not the kind of alteration that would " 'excite suspicion' " on the part of the bank (White and Summers, Uniform Commercial Code § 14-6, at 566). Moreover, the restrictive endorsements were meaningless in the circumstances of this case. The bank here was not the depository bank, and the uncontroverted evidence shows that plaintiff authorized its employee to present the checks for payment. Thus, the evidence is incontrovertible that the restrictive endorsements were obliterated by plaintiff or at its direction.

Plaintiff also contends that the bank was on notice of its claim as a result of the employee's alleged negotiation of the checks for her own benefit in breach of her fiduciary duty. The bank demonstrated that it had no actual knowledge of any restrictions on the employee's authority to negotiate the checks, and that the employee's cashing of the checks was consistent with their status as bearer paper and with her position as corporate secretary and trusted employee. In contrast, plaintiff's proof merely showed that the bank tellers knew of the fiduciary relationship between plaintiff and the employee. Such proof falls short of proving actual knowledge on the bank's part that the employee was converting the check proceeds for her own benefit (see, UCC 3-304 [2], [4] [e]). Thus, the bank cannot be held liable. (Appeal from order of Supreme Court, Erie County, Flaherty, J.—dismiss complaint.) Present—Callahan, J. P., Doerr, Denman, Green and Balio, JJ.